UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Margots Kapacs,                                  Civil No. 15-3019 (ADM/FLN)

           Plaintiff,

                                                  **ORDER AND**
v.                                              **REPORT AND**
                                                  **RECOMMENDATION**

Anita Jurevica et al.,

           Defendants.
_____

Margots Kapacs, *pro se*, for Plaintiff.
Jay Olson and Lawrence Crosby for Defendants Jurevica, Crosby, and Olson.
Andrew Tweeten for Defendants Dimick and MN Court of Appeals.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 20, 2015 on Defendants Judge Martha Holton Dimick and Minnesota Court of Appeals' ("State Defendants") motion to dismiss (ECF No. 52); Defendants Anita Jurevica, Lawrence Crosby, and Jay Olson's ("Private Defendants") motion to dismiss (ECF Nos. 56[1]); Plaintiff's motions for a preliminary injunction (ECF No. 3, 13, and 18); Plaintiff's motion for a temporary restraining order (ECF No. 10); Plaintiff's motion to consider (ECF No. 75); and Plaintiff's motions to file a second amended complaint (ECF Nos. 76 and 85). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 62. For the

---

[1] In response to Plaintiff's original Complaint, the State Defendants and the Private Defendants filed motions to dismiss. *See* ECF Nos. 28 and 35. Based on these motions, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). This effectively rendered Defendants' motions to dismiss the original Complaint moot. *See Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002)). Indeed, Defendants seem to acknowledge this, given that they filed renewed motions to dismiss in response to Plaintiff's Amended Complaint. *See* ECF Nos. 52 and 56. Defendants' motions to dismiss the original Complaint must be denied as moot.

reasons that follow, Plaintiff's motion to consider is **GRANTED** and Plaintiff's motions to amend are **DENIED**. The Court also recommends that the State Defendants' motion to dismiss be **GRANTED**, the Private Defendants' motion to dismiss be **GRANTED**, Plaintiff's motions for a preliminary injunction and temporary restraining order be **DENIED**, and this case be **DISMISSED with prejudice**.

## I. FINDINGS OF FACT

Plaintiff Margots Kapacs commenced this *pro se* action on July 9, 2015 against Defendants Anita Jurevica, Lawrence Crosby, Jay Olson, Judge Martha Holton Dimick, and the Minnesota Court of Appeals. Compl., ECF No. 1. Plaintiff amended his Complaint on September 5, 2015. First Am. Compl., ECF No. 51. Plaintiff's claims arise out of his ongoing marriage dissolution and child custody case that is currently pending before Defendant Judge Holton Dimick, a Hennepin County judge. Mem. in Supp. of State Defs.' Mot. to Dismiss 1, ECF No. 30. A liberal construction of Plaintiff's First Amended Complaint reveals various claims made under 42 U.S.C. § 1983 for violations of his rights protected by the U.S. Constitution, as well as claims for violations of the Minnesota Constitution and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 51 at 4–7.

**A.     The Minnesota family court case**

Plaintiff is involved in a marriage dissolution and child custody action between Plaintiff and his wife, Defendant Anita Jurevica. Public records indicate that on May 19, 2014, the judge assigned to Plaintiff's dissolution case before Judge Holton Dimick entered an Order for Temporary Relief, Pretrial, and Trial. The judge ordered, among other things, that (1) Jurevica be granted temporary sole custody of their two minor children; (2) a temporary parenting time schedule be set; (3) Plaintiff

pay Jurevica $1,104 per month for temporary child support; (4) Plaintiff be responsible for a certain percentage of the minor children's medical and dental costs; and (5) Plaintiff reimburse Jurevica $4,068 for certain mortgage payments made by Jurevica. Order, *Jurevica v. Kapacs*, No. 27-FA-13-7367 (Minn. Dist. Ct. May 19, 2014), *attached to* Huyser Aff., Ex. A, ECF No. 31. At some point following the issuance of the May 19 Order, the dissolution and custody case was transferred to Judge Holton Dimick.

After the reassignment, Jurevica filed a motion to hold Plaintiff in contempt for failing to comply with the Order for Temporary Relief. *See* Order, *Jurevica v. Kapacs*, No. 27-FA-13-7367 (Minn. Dist. Ct. Feb. 2, 2015), *attached to* ECF No. 31, Ex. C. A hearing was held on the motion on January 28, 2015, where Plaintiff appeared *pro se*. *Id.* On February 2, 2015, Judge Holton Dimick issued an Order, finding that (1) Plaintiff owed Jurevica over $9,000 in child support and $1,700 in medical and dental expenses, (2) Plaintiff failed to make payments on certain loans and bills as required by the May 2014 Order, and (3) Plaintiff failed to reimburse Jurevica for the mortgage payments. *Id.* at 2–3. Due to these delinquencies, Judge Holton Dimick held Plaintiff in constructive contempt, but stayed any jail sentence as long as Plaintiff complied with certain "purge conditions." *Id.* at 3–4. Judge Holton Dimick warned Plaintiff that if he failed to make any of his required payments, she would appoint a receiver to sell one or more of Plaintiff's real properties in order to satisfy the debt he owed to Jurevica. *Id.* at 4. A review hearing was scheduled for April 13, 2015.

Plaintiff appealed this order to the Minnesota Court of Appeals on April 10, 2015. Order, *Jurevica v. Kapacs*, A15-602 (Minn. Ct. App. May 1, 2015), *attached to* ECF No. 23. The court dismissed the appeal, holding that the February 12, 2015 Order was a nonappealable order. *Id.*

At the review hearing, Judge Holton Dimick concluded that Plaintiff failed to comply with

3

the purge conditions outlined in the February 2, 2015 Order. Order, *Jurevica v. Kapacs*, No. 27-FA-13-7367 (Minn. Dist. Ct. Apr. 21, 2015), *attached to* ECF No. 17. Rather than sending Plaintiff to the Hennepin County Adult Corrections Facility, Judge Holton Dimick ordered that real property located at 3xxx 23rd Avenue South in Minneapolis be sold and the proceeds used to satisfy Plaintiff's outstanding debt to Jurevica. *Id.* at 4–5, 6. According to the order, this property was not occupied by either party or being used to generate rental income. *Id.* at 5.

On June 1, 2015, Plaintiff appealed the April 13, 2015 Order to the Minnesota Court of Appeals. Order, *Jurevica v. Kapacs*, A15-903 (Minn. Ct. App. June 23, 2015), *attached to* ECF No. 31, Ex. D. The court denied Plaintiff's appeal, concluding that it was taken from a nonappealable, interlocutory order. *Id.* at 3. Plaintiff filed his Complaint in the present case shortly thereafter.

**B.     Plaintiff's allegations in the present case**

Plaintiff first alleges that Defendants Lawrence Crosby and Jay Olson, Jurevica's attorneys in the state court dissolution and custody case, violated Plaintiff's due process rights by failing to properly serve him with a notice of the April 28, 2014 hearing and by sending the notice to an undeliverable mailing address. ECF No. 51 at 4. Plaintiff also claims that Judge Holton Dimick, Crosby, and Olson violated RICO, 18 U.S.C. § 1961–68, by acting in concert to fraudulently liquidate Plaintiff's non-marital assets before final judgment in the dissolution proceeding. *Id.* at 7.

Next, Plaintiff claims that various rulings by Judge Holton Dimick violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. *Id.* Specifically, Plaintiff alleges that at the January 28, 2014 hearing on Jurevica's motion to hold Plaintiff in contempt, Judge Holton Dimick (1) refused to consider Plaintiff's motion to dismiss the May 19, 2014 Order for Jurevica's failure to serve him with a notice of the hearing; (2) denied Plaintiff's

motion for a continuance even though Plaintiff was ill; (3) refused to give Plaintiff a full opportunity to speak and defend himself against the allegations made by Jurevica; (4) threatened to deprive Plaintiff of his ability to file motions with the court; and (5) used a proposed order submitted by Jurevica's counsel to draft her final order. *Id.* at 4–5. Plaintiff also alleges that Judge Holton Dimick engaged in *ex parte* communications with Defendant's counsel. *Id.* at 5. Finally, Plaintiff claims that Judge Holton Dimick failed to properly serve Plaintiff with a copy of her April 21, 2015 Order. *Id.* at 6.

As to the Minnesota Court of Appeals, Plaintiff alleges that the court violated his rights guaranteed by the First, Fifth, and Fourteenth Amendments of the U.S. Constitution, and Article I, Section 8 of the Minnesota Constitution, when it dismissed Plaintiff's appeals. *Id.* at 6. Plaintiff also claims that Rule 4, subdiv. 3 of the Minnesota Rules of Public Access to Records of the Judicial Branch violates the Due Process Clause of the Fourteenth Amendment. *Id.* Rule 4, subdiv. 3 allows for only the release of a transcript of a hearing, not the recording itself. It is unclear, however, which of the Defendants Plaintiff alleges this claim against.

Plaintiff has also filed three motions for preliminary injunctions and a motion for a temporary restraining order, seeking to stay enforcement of the April 21, 2015 Order and the underlying family court proceeding in Hennepin County. ECF Nos. 3, 10, 13, and 18.

## II. STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th

Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

### III. CONCLUSIONS OF LAW

**A.     The State Defendants' motion to dismiss (ECF No. 52)**

**1.     Judge Holton Dimick and the Minnesota Court of Appeals are protected by judicial immunity**

It is well-settled that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages," and it "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The doctrine applies to suits for injunctive relief as well as claims for money damages.

*Edlund v. Montgomery*, 355 F. Supp. 2d 987, 990 (D. Minn. 2005).

There are two sets of circumstances where a judicial officer is not protected by judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. It is clear that Plaintiff's allegations against Judge Holton Dimick and the Minnesota Court of Appeals are all based on judicial actions. *See Cassell v. Cnty. of Ramsey*, No. 10-4981, 2012 WL 928242, at *3 (D. Minn. Mar. 19, 2012) ("[R]uling on motions, signing orders, scheduling hearings, questioning parties at hearings, reaching legal conclusions, etc. . . . are all judicial acts."). Although Plaintiff may disagree with the judge's decisions and how he was treated, this does not change the fact that such decisions were judicial in nature. *See Mireles*, 502 U.S. at 12 (stating that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity"). Plaintiff's claims are not saved by this exception to the doctrine of judicial immunity.

The second circumstance arises when a judge's actions "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Id.* at 12. In *Stump*, the Supreme Court illustrated the distinction between a judge acting in excess of jurisdiction as opposed to a judge acting in the clear absence of all jurisdiction:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. at 357 n.7. Judge Holton Dimick is a district court judge for the State of Minnesota, currently serving in the Family Court division of the Hennepin County District Court. As stated

above, the case underlying this lawsuit is a dissolution with child proceeding. Minnesota district courts have original jurisdiction in all civil actions arising within their respective districts. Minn. Stat. § 484.01, subdiv. 1. Although Plaintiff may not like the decisions made by Judge Holton Dimick, these decisions were clearly within her jurisdictional authority.

The Minnesota Court of Appeals has jurisdiction over all final decisions of the trial courts as well as interlocutory appeals as prescribed in the Minnesota Rules of Appellate Procedure. Minn. Stat. § 480A.06. In denying Plaintiff's appeals, the court was acting within its jurisdictional authority.

Plaintiff nevertheless argues that pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1983), he may file a suit for injunctive relief against a judicial officer acting in her judicial capacity. ECF No. 67 at 1. This holding, however, was abrogated by the Federal Courts Improvement Act, which amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff's First Amended Complaint fails to allege that the State Defendants violated a declaratory decree or that declaratory relief is unavailable. *See generally* ECF No. 51. However, even if judicial immunity did not bar Plaintiff's claim for injunctive relief, such claim would fail as a matter of law. Injunctive relief is not appropriate where an adequate remedy at law exists. *See Bonner v. Circuit Court of City of St. Louis*, 526 F.2d 1331, 1335–36 (8th Cir. 1975). Here, adequate remedies exist as Plaintiff may appeal the judge's decisions, move for a substitution of the judge, or institute judicial misconduct proceedings.

Based on the foregoing, it is clear that Plaintiff's § 1983 claims against the State Defendants

and Plaintiff's RICO claim against Judge Holton Dimick are barred by the doctrine of judicial immunity. Plaintiff's claims against Judge Holton Dimick and the Minnesota Court of Appeals must be dismissed.

**B.      The Private Defendants' motion to dismiss (ECF No. 56)**

As stated above, Plaintiff alleges that Crosby and Olson violated his due process rights by failing to properly serve him with a notice of the April 28, 2014 hearing and by sending the notice to an undeliverable mailing address. ECF No. 51 at 4. Plaintiff also claims that Crosby and Olson violated both RICO and his constitutional rights by acting in concert with Judge Holton Dimick to fraudulently liquidate his non-marital assets before final judgment in the dissolution proceeding.[2] *Id.* at 7.

**1.      The Private Defendants cannot be held liable under § 1983**

Section 1983 creates a cause of action against "every person, who under color of any statute, ordinance, regulation, custom, or usage" subjects any person to deprivation of rights, privileges, or immunities secured by the Constitution or federal laws. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). If, however, a private party acts under color of state law, it can be held liable under § 1983. *Id.*

Here, Plaintiff states that Olson and Crosby are state actors because they are registered attorneys in the state of Minnesota. Pl.'s Resp. Mem. 2, ECF No. 45. The Eighth Circuit has

---

[2] Although Plaintiff names Jurevica in his Ameded Complaint as a Defendant, he does not allege any actions by Jurevica that deprived him of his rights protected by the Constitution. Plaintiff's claims against Jurevica must be dismissed. *See* Fed. R. Civ. P. 8(a)(2).

explicitly determined, however, that "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (citing *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974)); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 354 (1974) ("Doctors, optometrists, lawyers, [electric companies, and grocery stores] are all in regulated businesses, providing arguably essential goods and services, 'affected with a public interest.' We do not believe that such a status converts their every action, absent more, into that of the State."). Plaintiff's argument that Crosby and Olson are state actors is without merit.

Plaintiff also alleges that Crosby and Olson conspired with Judge Holton Dimick to commit fraud. ECF No. 51 at 7. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [§ 1983]. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor regarding the violation of plaintiff's constitutional rights." *Magee v. Trustees of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1057–58 (D. Minn. 2013); *see also Crawford v. Van Buren Cnty.*, 678 F.3d 666, 670–71 (8th Cir. 2012) (stating that a plaintiff "must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy"). "The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit . . . ."

10

*Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Plaintiff's First Amended Complaint merely alleges that Crosby, Olson, and Judge Holton Dimick "acted in concert committing fraud to liquidate assumed non marital assets of the Plaintiff before the final judgment in the [d]ivorce proceeding." ECF No. 51 at 7. Putting aside the fact that it is unclear which of Plaintiff's constitutional rights Crosby, Olson, and Judge Holton Dimick are alleged to have conspired to violate, Plaintiff's First Amended Complaint does not outline any facts that suggest a mutual understanding between the parties to violate his constitutional rights. "Mere allusion to such a conspiracy is insufficient; the conspiracy, or meeting of the minds, must be pleaded with specificity and factual support." *Magee*, 957 F. Supp. 2d at 1058.

Based on the foregoing, the Court concludes that Plaintiff's First Amended Complaint fails to allege sufficient facts to state a valid § 1983 claim against Crosby or Olson. His § 1983 claims against the Private Defendants must be dismissed.

### 2. Plaintiff's RICO claims must be dismissed

RICO makes it "unlawful for any person employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *see also* 18 U.S.C. § 1964 (providing a private right of action under RICO). "To establish a RICO violation, a plaintiff must allege and prove (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003). Plaintiff's First Amended Complaint lacks any factual allegations that any Defendant was a part of an

11

enterprise engaged in a pattern of racketeering that would amount to a RICO violation. It simply alleges that Crosby and Olson violated RICO by acting in concert with Judge Holton Dimick to liquidate his assets before final judgment in the dissolution proceeding. Vague and conclusory allegations are not sufficient to state a claim for relief for RICO violations. *See United States ex rel. Sammarco v. Ludeman*, No. 09-880, 2010 WL 1335460, at *12 (D. Minn. Jan. 28, 2010). Plaintiff's claims against Crosby and Olson for RICO violations must be dismissed.

C.    **Plaintiff's motion to amend his complaint (ECF Nos. 76 and 85)**

After all of the briefing related to Defendants' motions to dismiss was complete, Plaintiff filed a motion to file a Second Amended Complaint. *See* ECF Nos. 76 and 85. According to Plaintiff, amendment of his First Amended Complaint is necessary due to Defendants' arguments in their motions to dismiss. *See* Mot. to Amend Compl. 1–2, ECF No. 85. Plaintiff seeks to add the following three paragraphs to his Complaint:

> 7.6    Whether Minn. R. Civ. P. 5.02. Service and procedures on how service is effected [sic] constitutes a procedural due process violation as to: (a) Methods of Service with notice of hearing by merely mailing a copy to opposing party via first class mail; and (b) providing proof of service by interested party to the action
>
> 7.7    Whether Judge Dimick is protected by judicial immunity for the abuse of Plaintiff's federal civil and constitutional rights as articulated in 7.2 paragraph above
>
> 7.8    Whether private attorneys such as Mr. Olson and Mr. Crosby, who took oaths to the US [sic] Constitution and admitted by their constitutional affirmations to State Bar part of the state Supreme Court system, while are performing public function [sic] of invoking the law with thei[r] duty to uphold law, are acting under color of state law for purposes of section 1983 violations.

ECF No. 85-2 at 7. These proposed amendments, however, do not cure the aforementioned legal deficiencies that plague the claims outlined in Plaintiff's First Amended Complaint. No new facts

12

are alleged showing why judicial immunity does not protect Judge Holton Dimick or how Crosby and Olson engaged in state action. Given that Plaintiff's proposed amendments are futile, his motion to amend his complaint must be denied. *See Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (stating that denial of a motion to amend as futile is appropriate when the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim).

D.  **Plaintiff's motions for preliminary injunctions and for a temporary restraining order (ECF Nos. 3, 10, 13, and 18)**

Plaintiff has filed three motions for preliminary injunctions and a motion for a temporary restraining order, seeking to stay enforcement of the April 21, 2015 Order and the underlying family court proceeding in Hennepin County. ECF Nos. 3, 10, 13, and 18. Because the Court concludes that Plaintiff's First Amended Complaint must be dismissed for failure to state a claim for which relief can be granted, Plaintiff's motions for preliminary injunctions and a temporary restraining order must be denied.

## IV. ORDER AND RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Judge Martha Holton Dimick and the Minnesota Court of Appeals' motion to dismiss Plaintiff's First Amended Complaint (ECF No. 52) be **GRANTED**;

2. Defendants Anita Jurevica, Lawrence Crosby, and Jay Olson's motion to dismiss Plaintiff's First Amended Complaint (ECF No. 56) be **GRANTED**;

3. Plaintiff's First Amended Complaint be **DISMISSED with prejudice**;

4. Defendants' motions to dismiss Plaintiff's original Complaint (ECF Nos. 28 and 35) be **DENIED as moot**;

5. Plaintiff's motions for a preliminary injunction (ECF Nos. 3, 13, 18) be **DENIED**;

and

6. Plaintiff's motion for a temporary restraining order (ECF No. 10) be **DENIED**.

It is also **ORDERED** that:

1. Plaintiff's motion for the Court to consider his reply brief filed on October 23, 2015 (ECF No. 75) is **GRANTED**; and

2. Plaintiff's motions to file a second amended complaint (ECF Nos. 76 and 85) are **DENIED**.

DATED: January 26, 2015					*s/Franklin L. Noel*
							FRANKLIN L. NOEL
							United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 10, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 10, 2016**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.