UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Margots Kapacs,

                Plaintiff,                  **ORDER ADOPTING REPORT AND RECOMMENDATION**

        v.                                        Civil No. 15-3019 ADM/FLN

Anita Jurevica, Lawrence Crosby,
Jay Olson, Judge Martha Holton Dimick,
and Minnesota Court of Appeals,

                Defendants.

_____

Margots Kapacs, pro se.

Andrew Tweeten, Esq., Assistant Minnesota Attorney General, St. Paul, Minnesota, on behalf of Judge Martha Holton Dimick and Minnesota Court of Appeals.

Lawrence H. Crosby, Esq. and Jay D. Olson, Esq., Crosby & Associates, St. Paul, MN, on behalf of Anita Jurevica, Lawrence Crosby, and Jay Olson.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Margots Kapacs' ("Plaintiff") Objections [Docket No. 93] to Magistrate Judge Franklin L. Noel's January 27, 2016 Report and Recommendation [Docket No. 91] ("R&R").  Judge Noel recommends granting Defendants' Motions to Dismiss  [Docket Nos. 52, 56] Plaintiff's First Amended Complaint [Docket No. 51], denying as moot Defendants' Motions to Dismiss [Docket Nos. 28, 35] Plaintiff's original Complaint [Docket No. 1], denying Plaintiff's motions for a preliminary injunction [Docket Nos. 3, 13, 18], denying Plaintiff's Motion for a Temporary Restraining Order [Docket No. 10], granting Plaintiff's Motion to Consider October 23, 2015 Reply Brief [Docket No. 75], and denying Plaintiff's Motions to File a Second Amended

Complaint [Docket Nos. 76, 85] based on the futility of the proposed amendments. Responses [Docket Nos. 97, 98] in opposition to the Objections have been filed on behalf of all Defendants. After a de novo review of the record and for the reasons set forth below, Plaintiff's Objections are overruled and the R&R is adopted.

## II. BACKGROUND[1]

This lawsuit arises out of Plaintiff's state court marriage dissolution and child custody case against his wife, Anita Jurevica. That action is currently pending before Defendant Judge Martha Holton Dimick, a Hennepin County District Court Judge. Defendants Lawrence Crosby and Jay Olson (the "Attorney Defendants") represent Jurevica in that proceeding. Plaintiff has filed this action asserting claims against Defendants Judge Holton Dimick and Minnesota Court of Appeals (the "State Defendants") and the Attorney Defendants under 42 U.S.C. § 1983, claims against the State Defendants under the Minnesota Constitution, and claims against the Attorney Defendants and Judge Holton Dimick under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962.[2]

Plaintiff's claims against Judge Holton Dimick are based on her rulings in the dissolution and custody proceedings, her alleged refusal to provide Plaintiff a full opportunity to speak at the hearings, her alleged ex parte communications with Jurevica's counsel, her use of a proposed order submitted by Jurevica's counsel to draft a final order, and her alleged failure to properly serve Plaintiff with an order. First Am. Compl. [Docket No. 51] at 4–6. The claims against the

---

[1] The factual background of this case is set forth in further detail in the R&R and is incorporated by reference.

[2] Although Jurevica is named as a defendant in this action, no claims are asserted against her.

the Minnesota Court of Appeals are based on the dismissal of Plaintiff's appeals taken from two orders in the dissolution proceeding. Id. at 6. Plaintiff's claims against the Attorney Defendants are based on their alleged failure to properly serve Plaintiff with notice of a motion in the state court dissolution and custody case, and their alleged action in concert with Judge Holton Dimick to liquidate Plaintiff's assets before final judgment in the dissolution proceeding.

The R&R concluded that: (1) Plaintiff's claims against the State Defendants are barred by judicial immunity; (2) the § 1983 claims against the Attorney Defendants fail because they are not state actors and because the alleged facts do not show that the Attorney Defendants reached a meeting of the minds with a state actor to violate Plaintiff's rights; and (3) the RICO claims against Judge Holton Dimick and the Attorney Defendants fail because the First Amended Complaint lacks any factual allegations that any Defendant was part of an enterprise engaged in a pattern of racketeering. R&R at 6–12. The R&R further found that because Plaintiff's proposed amendment of the First Amended Complaint would not cure the legal deficiencies in Plaintiff's claims, Plaintiff's motion to amend his complaint was futile. Based on the conclusion that Plaintiff's First Amended Complaint failed to state a claim for which relief could be granted, Plaintiff's motions for preliminary injunctions and a restraining order were also denied.

### III. DISCUSSION

**A. Standard of Review**

In reviewing an R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

B. Objections[3]

1. Findings of Fact

Plaintiff first contends that the Findings of Fact in the R&R were erroneous or incomplete. The Court has reviewed the nine alleged errors or omissions enumerated in Plaintiff's Objections and finds that, with the exception of an immaterial typographical error that has no affect on the outcome of these Motions,[4] the Findings of Fact are neither erroneous nor incomplete.

2. Objection to Legal Standard

Plaintiff argues that Judge Noel failed to apply the proper legal standard when dismissing his pro se Complaint. To the contrary, Judge Noel correctly stated the applicable standard of review and construed the First Amended Complaint liberally. See R&R at 2 (stating that "[a] liberal construction of Plaintiff's First Amended Complaint reveals various claims") (emphasis added). Additionally, the factual allegations in the First Amended Complaint were assumed to be true, and Plaintiff was afforded all reasonable inferences to be drawn from those facts. Therefore, this Objection is overruled.

---

[3] On February 10, 2016, Plaintiff filed a letter [Docket No. 92] requesting permission to exceed the word limit set forth in Local Rule 72.2(c). Thereafter, on February 12, 2016, Plaintiff filed a Certificate of Compliance [Docket No. 95] certifying that the Objections comply with the word limit. Based on this certification, the Court will consider Plaintiff's Objections in their entirety.

[4] The R&R inadvertently references a February 12, 2015 Order as having been issued on February 2, 2015. See R&R at 3, 4.

### 3. Objections Related to State Defendants

Plaintiff argues that judicial immunity does not apply to the State Defendants because they were acting outside of their judicial authority and jurisdiction. However, the Court agrees with the conclusion in the R&R that the allegations against the State Defendants are all based on judicial actions. See Cassell v. Cnty. of Ramsey, No. 10-4981, 2012 WL 928242, at *3 (D. Minn. March 19, 2012) (stating that claims based on judicial acts such as "ruling on motions, signing orders, scheduling hearings, questioning parties at hearings, reaching legal conclusions, etc." are barred by judicial immunity). Additionally, the State Defendants were acting within their jurisdiction. Judge Holton Dimick is a district court judge for the State of Minnesota currently serving in Hennepin County District Court's Family Court division, and thus her actions in Plaintiff's dissolution and child custody proceeding were within her jurisdictional authority. Similarly, the Minnesota Court of Appeals was acting within its authority and jurisdiction in denying Plaintiff's appeals. Therefore, these Objections are overruled.

### 4. Objections Related to Attorney Defendants

#### a. Section 1983 Claim

Plaintiff disputes the conclusion in the R&R that the First Amended Complaint fails to allege facts supporting a § 1983 claim against the Attorney Defendants. Plaintiff argues that the Attorney Defendants are liable under § 1983 because they had a mutual understanding with a state actor (Judge Holton Dimick) to violate Plaintiff's rights. Plaintiff contends that the Attorney Defendants and Judge Holton Dimick knew by virtue of their professions that the failure to effectuate service and to provide notice to Plaintiff was a violation of his constitutional rights, and thus had a mutual understanding to violate his rights. However, such allegations fall

factually short of establishing a meeting of the minds between the Attorney Defendants and Judge Holton Dimick.  See, e.g., Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985) (allegations that a judge failed to correct public defender's misconduct were insufficient to suggest a meeting of minds between the judge and attorney).  Plaintiff also argues that Judge Holton Dimick and the Attorney Defendants conspired to liquidate Plaintiff's non-marital assets.  Again, however, Plaintiff fails to allege facts showing a mutual understanding to achieve this objective.  Although the First Amended Complaint alleges that the Attorney Defendants engaged in ex parte communications with Judge Holton Dimick, the allegations are conclusory and conjectural and are insufficient to establish a meeting of the minds.

  **b.  RICO Claim**

Plaintiff also argues that the R&R applied an erroneous test for establishing a RICO claim.  The Court disagrees and finds that Judge Noel applied the proper legal standard for a RICO claim.  Judge Noel also correctly concluded that the facts alleged in the First Amended Complaint failed to satisfy that standard.  Accordingly, Plaintiff's Objections regarding the claims against the Attorney Defendants are overruled.

  **5.  Miscellaneous Objections**

After reviewing de novo the remaining matters to which Plaintiff objects, the Court concludes that Judge Noel's findings of fact and conclusions of law on these issues are well reasoned and correct.  Therefore, the Objections are also overruled and the R&R is accepted in its entirety.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff Margots Kapacs' Objections [Docket No. 93] to Magistrate Judge Franklin L. Noel's January 27, 2016 Report and Recommendation [Docket No. 91] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Defendants Judge Martha Holton Dimick and Minnesota Court of Appeals' motion to dismiss Plaintiff's First Amended Complaint [Docket No. 52] is **GRANTED**;

4. Defendants Anita Jurevica, Lawrence Crosby, and Jay Olson's motion to dismiss Plaintiff's First Amended Complaint [Docket No. 56] is **GRANTED**;

5. Plaintiff's First Amended Complaint [Docket No. 51] is **DISMISSED** with prejudice;

6. Defendants' motions to dismiss Plaintiff's original Complaint [Docket Nos. 28, 35] are **DENIED** as moot;

7. Plaintiff's motions for a preliminary injunction [Docket Nos. 3, 13, 18] are **DENIED**; and

8. Plaintiff's motion for a temporary restraining order [Docket No. 10] is **DENIED**.

It is also ORDERED that:

1. Plaintiff's motion for the Court to consider his reply brief filed on October 23, 2015 [Docket No. 75] is **GRANTED**; and

2. Plaintiff's motions to file a second amended complaint [Docket Nos. 76, 85] are

**DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 1, 2016.